FILED
U.S. DISTRICT COURT
W.D.N.Y. BUFFALO

-PS-O-

2006 DEC 15 PM 1:22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARYEN JOSEPH SELEVAN,

    Plaintiff,

    -v-

GOVENOR GEORGE PATAKI,
ALAN G. HEVESI, NYS Comptroller, and
ELLIOT SPITZER, Attorney General,

    Defendants.

**DECISION AND ORDER**
06-CV-0635A

---

Plaintiff, Joseph Aryen Selevan, has filed a *pro se* action and application to proceed *in forma pauperis*. The complaint, which is set forth in a letter, essentially complains and rants about a number of different things including, but not limited to, whether former Chief Justice William Rehnquist's death from thyroid cancer was negligent, that the handles of the doors to a Temple in Brooklyn, New York were "twisted like William Rhenquist," and that the Rabbi of said Temple seems to be a half brother of Stephen Cambone, the Under Secretary of Defense for Intelligence. The complaint, like all of plaintiff's other actions and letters recently filed in this Court, are largely incomprehensible and wholly delusional.[1] For the reasons discussed below, plaintiff's application to

---

[1] The other actions--*Selevan v. USA Dept. of Defense, et al.*, 06-CV-0574A (filed 08/25/06); *Selevan v. U.S. Atty. General Gonzalez, et al.*, 06-CV-0591A (filed 08/31/06); *Selevan v. Chertoff, et al.*, 06-CV-0616A (filed 9/13/06)--were equally frivolous and delusional, and were dismissed on that basis pursuant to 28 U.S.C. § 1915(e)(B)(I). Plaintiff has also submitted dozens of letters over the last few months that are wholly delusional, incomprehensible and simply nonsensical, all of which have absolutely nothing to do with the

proceed *in forma pauperis* is granted, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I), and the plaintiff will be precluded from filing any further litigation and letters in this Court unless he can show cause in writing within **30-days** why he should not be so precluded.

## DISCUSSION

### A. DISMISSAL

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because they are wholly frivolous and predicated on indisputably baseless legal theories.

The same statute that allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* "authorizes federal courts to dismiss a claim filed *in forma pauperis* 'if satisfied that the action is frivolous or malicious.'"

---

"litigation" plaintiff has commenced in this Court.

2

*Neitzke v. Williams*, 490 U.S. 319, 324 (1989), citing to what is now 28 U.S.C. § 1915(e).

> Section 1915[e] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suits and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit ... and claims of infringement of a legal interest which clearly does not exist.... Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Id.* at 327-28, 1833 (citation omitted). The U.S. Supreme Court elaborated on this "power to pierce the veil of the complaint's factual allegations" a few years later:

> [T]he § 1915[e] frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts. ... [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

> incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 327).

Here, the complaint is precisely the type of "fantastic," "delusional" and "incredible" allegations that warrant dismissal as factually frivolous. Plaintiff's complaint is nothing more than the sad, delusional thoughts of an individual who is simply in the wrong forum to obtain the mental assistance he so obviously needs and it must, therefore, be dismissed as frivolous.

Accordingly, this action is hereby dismissed under 28 U.S.C. § 1915(e)(B)(i). Moreover, while the usual practice is to allow leave to replead a deficient complaint, see Fed.R.Civ.P. 15(a); see also *Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), especially where a complaint has been submitted pro se, *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994), such leave may be denied where amendment would be futile, such as in this case.

## B. SANCTIONS

As set forth in footnote 1, *supra*, plaintiff has filed four wholly frivolous and delusional cases in this Court in the past few months, all of which have been or will be dismissed on initial review, pursuant to 28 U.S.C. § 1915(e)(2)(B). He has also filed and continues to file a deluge of letters with the Court, which has caused and continues to cause the Court to expend valuable staff resources to

4

open and review said letters.  Plaintiff also routinely visits the Courthouse and Clerk's Office and completely wastes the time of Courthouse and Clerk's Office staff.

There is no question in this Court's mind that all of the material filed with or submitted to this Court is wholly delusional and incomprehensible, and simply does not form the basis of any cognizable federal action. Plaintiff's three previous cases have been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and delusional, and this case too will be dismissed on that basis.  Simply stated, this Court need not and will not tolerate any more baseless filings from plaintiff, and he will therefore be precluded from filing any further actions of any type in this Court without first obtaining permission from the Court.  Plaintiff must also be precluded from filing any more letters or other written material with the Court, except a notice of appeal from any final order and judgment entered by the Court herein.

The need and justification for a sanction of this type is well-documented above and needs no further elaboration.  The fact that plaintiff is *pro se* does not protect him from the imposition of sanctions when necessary and appropriate to deter baseless filings and preserve precious judicial resources. See *DePonceau v. Bush*, 04-CV-6240CJS(Fe), 2004 WL 1574621, at *3 (W.D.N.Y. June 4, 2004) (citations omitted).  It is well-established that the federal courts "have both the inherent power and the constitutional obligation to protect their jurisdiction from

5

conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 184 n. 8 (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir.), *cert. denied* 474 U.S. 1061 (1986)). The Supreme Court and Second Circuit Court of Appeals have made it clear that "a district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons." *Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir.) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45), *cert. denied* 507 U.S. 1043 (1993)). While plaintiff's conduct may not be completely understood by him, it is as equally oppressive and frivolous as conduct which has been sanctioned in the past by various courts as vexatious or wanton.

Sanctions under Rule 11 of the Federal Rules of Civil Procedure may also be imposed upon a *pro se* litigant who continues to file frivolous or baseless claims and petitions. *Mendoza v. Lynaugh*, 989 F.2d 191 (5th Cir. 1993); *DePonceau*, 2004 WL 1574621, at *3; *Young v. Corbin*, 889 F. Supp. 582 (N.D.N.Y. 1995). The Supreme Court has stated that "the central purpose of Rule 11 is to deter baseless filings in District Court and . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (citation omitted); *see also Williams v. Revlon Co.*, 156 F.R.D. 39, 43 (S.D.N.Y. 1994) (The purpose of Rule 11 is to check abuses which cause "the waste of judicial resources and resulting inefficiencies

and delays that affect all actual and potential litigants in the federal courts.") (citations omitted).

Rule 11(b) of the Federal Rules provides, in pertinent part, that when an unrepresented party presents a pleading, motion, or other paper to the court, that party:

> is certifying that to the best of the person's knowledge, information, and belief, formed after inquiry reasonable under the circumstances,– .
>
> (1) it is not being presented for an improper purpose, such as to harass or to cause unnecessary delay . . .
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support. . . .

Fed. R. Civ. P. 11(b). An attorney or unrepresented party may be sanctioned for violating Rule 11 by motion or by the Court upon its own initiative. Fed. R. Civ. P. 11(c)(1)(B).

While it is true that *pro se* litigants are held to a more lenient standard than professional counsel in applying Rule 11, "courts that have imposed sanctions against [such] litigants frequently have attached importance to the fact that the litigant previously had been placed on notice that he . . . was on the verge of violating Rule 11." *Horton v. Transworld Airlines Corp.*, 169 F.R.D. 11, 16

(E.D.N.Y. 1996) (citing *Fariello v. Campbell,* 860 F. Supp. 54, 71 (E.D.N.Y. 1994) and *Baasch v. Reyer,* 827 F. Supp. 940, 944 (E.D.N.Y. 1993)).

In the face of the plaintiff's propensity for filing frivolous and delusional actions and letters, it has become absolutely necessary for the Court to impose an appropriate sanction pursuant to Rule 11 and the Court's inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Doctor's Assocs. v. Distajo,* 66 F.3d 438, 456 (2d Cir. 1995) (quoting *Chambers v. Nasco,* 501 U.S. at 44-45.) When confronted with a *pro se* litigant like the plaintiff, the courts have sometimes responded by completely enjoining him from the filing of designated categories of cases. *See, e.g. In re McDonald,* 489 U.S. at 184-85 (barring *pro se* litigant from filing any new petitions for extraoridinary writs); *Martin-Trigona,* 9 F.3d at 228-229 (summarizing cases in which courts have completely foreclosed "vexatious litigants" from filing designated categories of cases). While some courts have imposed "lesser" sanctions, like fines or monetary sanctions, in attempt to deter a *pro se* litigant like the plaintiff herein, such a sanction would seem to be ineffective to deter plaintiff because he has always qualified for *in forma pauperis* status and his only income appears to be some type of government benefits in the amount of $ 680.00 per month. (Docket No. 2, Application to Proceed *In Forma Pauperis*). Not only would a monetary sanction or fine most likely go unpaid or ignored, it could also work an unusual

hardship on plaintiff, separate and apart from his propensity to file lawsuits and letters with this Court.

Accordingly, this Court finds that, at this time, the most appropriate sanction to deter any more frivolous and baseless filings and letters is an injunction against any and all future filings. The Court notes that while it has the discretion to impose the "lesser" sanction of not allowing any future filings or letters without prior Court permission, the Court finds that such lesser sanction would not be sufficient to deter any further baseless or delusional filings by plaintiff. Again, while the Court is wholly sympathetic to what appears to be some type of serious psychological or mental disability, it cannot ignore the impact and waste of judicial resources directly caused by plaintiff's unrelenting filings of letters and lawsuits.

Lastly, the general rule in this Circuit is that an injunction against future filings cannot be ordered unless the litigant is provided notice of the Court's intention to enjoin him from filing future cases and an opportunity to be heard with respect to the Court's intention to impose such an injunction. See Fed. R. Civ. P. 11(c)(1)(B); see, e.g., Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 141 n. 2 (2002) (if a district court determines that Rule 11 sanctions are appropriately imposed, "the court must allow the party threatened with sanctions to respond"); see also Moates v. Barkley, 147 F.3d 207, 208 (2d. Circ. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing

injunction on a litigant *sua sponte* without providing the litigant with an opportunity to be heard.").

Accordingly, the Court will order the plaintiff to submit, by **January 8, 2007,** in writing, an affidavit not to exceed five (5) pages in length, and therein to show cause why this Court should not forbid him from filing any further actions, complaints, lawsuits and letters, of any type, in this Court, as described hereinabove.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

Additionally, plaintiff will not be permitted to file any further actions, complaints, lawsuits and letters, of any type with this Court, and he will be

provided an opportunity to show cause in writing by **January 8, 2007** why he should not be precluded from filing any further actions and letters in this Court.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* (Docket No. 2) is granted;

FURTHER, that the complaint is dismissed with prejudice;

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied; and

FURTHER, that plaintiff may **not** file any additional actions, complaints, lawsuits and letters, of any type, in this Court;

FURTHER, that plaintiff shall submit, by **January 8, 2007,** in writing, an affidavit not to exceed five (5) pages in length, and therein to show cause why this Court should not preclude him from filing any further actions, complaints, lawsuits and letters, of any type, in this Court, except a notice of appeal from a final order or judgment entered herein.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:   Dec. 15, 2006